

# FILED

**NOT FOR PUBLICATION**

MAY 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN PATRICK STOKES, <br><br> Debtor - Appellant, <br><br> v. <br><br> TODD GARDNER; DAVAR M. GARDNER; THOMAS H. BOONE, Trustee of Boone Karlberg Employees Profit Sharing Trust; WILLIAM E. MYTTY; SANDRA F. MYTTY; QUALITY SUPPLY, INC. PROFIT SHARING PLAN AND TRUST; DOUGLAS S. HADNOT; J. CHRISS CRAWFORD; MYRNA K. CRAWFORD; STEPHEN S. ELLIS, M.D., P.C., EMPLOYEES AMENDED AND RESTATED PENSION PLAN; RICHARD JOSEPH SAMSON, Chapter 7 Trustee, <br><br> Appellees. | No. 11-35233 <br><br> D.C. No. 9:10-cv-00099-DWM <br><br><br> MEMORANDUM[*] |
| JOHN PATRICK STOKES, <br><br> Debtor - Appellee, | No. 11-35270 <br><br> D.C. No. 9:10-cv-00099-DWM |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

TODD GARDNER; DAVAR M.
GARDNER; RICHARD J. SAMSON,
Chapter 7 Trustee,

Appellants.

In re: JOHN PATRICK STOKES, Debtor,
_____,

JOHN PATRICK STOKES,

Appellee,

v.

RICHARD J. SAMSON, Chapter 7
Trustee,

Appellant.

No. 11-35279

D.C. No. 9:10-cv-00099-DWM

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted May 9, 2012
Seattle, Washington

Before: HAWKINS, GOULD, and BYBEE, Circuit Judges.

Chapter 7 Trustee Richard J. Samson and some of the estate's creditors cross-appeal the denial of their motion to dismiss debtor John Patrick Stokes's action as equitably moot.[1] We review the district court's determination that Stokes's appeal was not equitably moot de novo. *See Baker & Drake, Inc. v. Pub. Serv. Comm'n* (*In re Baker & Drake, Inc.*), 35 F.3d 1348, 1351 (9th Cir. 1994). On the basis of our recent decision in *Motor Vehicle Cas. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co.*), –F.3d–, 2012 WL 1089503 (9th Cir. Apr. 3, 2012), which the district court did not have the benefit of, we reverse.

Whether to dismiss a case on equitable mootness grounds requires first asking "whether a stay was sought, for absent that a party has not fully pursued its rights." *Id.* at *6. If a stay was sought but not gained, we consider (1) "whether substantial consummation of the plan has occurred," (2) "the effect a remedy may have on third parties not before the court," and (3) "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan." *Id.* A party's failure to seek a stay may, by itself, render

---

[1]Stokes appeals the district court's order affirming the approval of a settlement agreement between the Chapter 7 trustee and the estate's creditors, as well as the denial of Stokes's motion to modify an automatic stay of his appeal of pending state-court litigation. Because we find Stokes's action equitably moot, we do not reach the merits of his claims. We also deny Stokes's request for judicial notice.

that party's claims equitably moot. *Trone v. Roberts Farms, Inc.* (*In re Roberts Farms, Inc.*), 652 F.2d 793, 798 (9th Cir. 1981) ("If an appellant fails to obtain a stay after exhausting all appropriate remedies, that well may be the end of his appeal.").

Here, Stokes not only failed to obtain a stay from the bankruptcy court, he never even asked for one. *Id.* at 795 ("Appellants did not at any time apply to the bankruptcy judge for a stay."); *cf. Focus Media, Inc. v. Nat'l Broad. Co.* (*In re Focus Media, Inc.*), 378 F.3d 916, 924 (9th Cir. 2004) (distinguishing *Roberts Farms* and declining to apply the equitable mootness doctrine where the appellant requested a stay from the bankruptcy court but was denied). Stokes's failure to seek a stay resulted in a full execution of the settlement agreement, including the transfer of all property and the distribution of funds.

The substantial consummation of the settlement agreement has effected a comprehensive change of circumstances that renders the creation of an equitable remedy extremely difficult. Although "unscrambl[ing] the eggs," *see Baker & Drake*, 35 F.3d at 1351, may be theoretically possible, under these circumstances, we believe that allowing Stokes to proceed with his appeal would be inequitable.

Therefore, we reverse the district court's denial of the cross-appellants'

motion to dismiss and remand with instructions that the district court dismiss the case as moot.

REVERSED AND REMANDED WITH INSTRUCTION TO DISMISS.